UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>BRUCE A. HARRISON,<br>    Defendants. | CRIMINAL NO. 5:13-52-SSS-KKC<br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on defendant Bruce A. Harrison's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DE 746). The magistrate judge has reviewed the motion and recommends that it be denied (DE 761, Recommended Disposition). Harrison has filed objections to the magistrate judge's recommendation (DE 765). For the following reasons, the motion will be denied and the objections will be overruled.

Harrison pleaded guilty in this Court to conspiring to distribute oxycodone and to being a felon in possession of a firearm. (DE 632, Judgment.) By judgment dated August 19, 2014, this Court sentenced him to 84 months in prison. He now moves to vacate his sentence. The magistrate judge determined that Harrison made two arguments in his motion to vacate: 1) that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose certain facts prior to the suppression hearing; and 2) that an agent committed perjury at the suppression hearing.

The magistrate judge determined that Harrison's §2255 motion was untimely and that both claims Harrison asserted were barred by the waiver in his plea agreement. As to

the timeliness of the motion, the magistrate judge determined that Harrison's judgment became final on September 2, 2014 and, thus, under the one-year time limit for filing §2255 motions, Harrison was required to file his motion by September 2, 2015. He did not file his motion until March 7, 2017.

The magistrate judge rejected Harrison's argument that the facts supporting his claims were not known to him until December 2016 and, thus, his motion should be deemed timely under § 2254(f)(4). That provision permits § 2255 motions to be filed within a year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

As to the waiver in his plea agreement, the magistrate judge pointed out that Harrison waived the right to collaterally attack his guilty plea, conviction, and sentence except for claims of ineffective assistance of counsel. The magistrate judge rejected Harrison's argument that the plea agreement was invalid.

Harrison has filed 52 pages of objections to the magistrate judge's recommendation in which he repeats many of the assertions made in his original motion and reply. Nowhere in his objections, however, does he explain why he was unable to file this § 2255 motion within one year from his judgment. He continues to point to the video of his residence taken by a confidential informant. (DE 756, Objections at 4-6.) Harrison was certainly aware that a version of the video existed as soon as September 17, 2013, when the Court conducted a suppression hearing in this matter. The video was discussed at the hearing and entered into evidence at that time.

Harrison appears to allege that, while his counsel received copies of the video, he himself did not receive a copy of the video until December 2016. Nevertheless, Harrison was at the suppression hearing. Thus, using due diligence, Harrison could have viewed a

2

copy of the video at anytime after the suppression hearing. Further, even assuming Harrison could not have obtained the video until December 2016, he does not explain what the video reveals that he did not know before he obtained it. Nor does he explain how the video he obtained in December 2016 reveals for the first time a constitutional error of such "substantial and injurious effect" that his sentence should be vacated or a non-constitutional error so fundamental that it amounts to a violation of due process. *See Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999).

As to Harrison's waiver of the right to collaterally attack his sentence, which is contained in his plea agreement, Harrison provides the Court with no grounds to find that the plea agreement was not entered into knowingly and voluntarily.

For all these reasons, the Court hereby ORDERS as follows:

1) The magistrate judge's recommended disposition (DE 761) is ADOPTED as the Court's opinion;

2) Harrison's objections to the recommended disposition (DE 765) are OVERRULED; and

3) Harrison's motion to vacate, set aside or correct his sentence (DE 746) under 28 U.S.C. § 2255 is DENIED.

Dated July 16, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY